E-FILED
Friday, 20 March, 2026  01:59:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-CR-30045 |
| | ) | |
| SHAYNE. J. SAVAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER REGARDING
USE OF PRETRIAL DISCOVERY MATERIALS**

THIS MATTER COMING BEFORE THIS COURT upon the motion of the

United States pursuant to Rule 16(d)(1) of the Federal Rules of Criminal

Procedure for a protective order restricting the use of pretrial discovery

materials, the defendant having no objection to the motion, and the Court being

fully advised in the premises,

THIS COURT HEREBY FINDS that it will serve the administration of

justice for the United States to provide discovery to the defendant in excess of the

requirements of Rule 16 of the Federal Rule of Criminal Procedure, applicable

statutes, and the Constitution of the United States and earlier than required by

applicable rules and statutes, including the Jencks Act, 18 U.S.C. § 3500, and Rule

26.2 of the Federal Rules of Criminal Procedure; and that it has weighed the need

1

of the defendant to review pretrial discovery materials with the interest of the

United States in preserving the safety of its witnesses and confidential

information related to personal identity, financial, contact, health, and/or tax

information;

IT IS THEREFORE ORDERED that any pretrial discovery materials

provided to the defendant pursuant to this order (1) shall not be disseminated to

any person or used for any purpose other than in direct relationship to the

criminal case to which the discovery pertains; (2) shall not be photocopied,

recorded, imaged, or otherwise copied, except a single copy for use by defense

counsel and a single copy for use by each of its agents; provided, however, that

no water mark or Bates Label shall be removed, altered or destroyed in any

manner; (3) shall not be given to, or left in the possession of, the defendant,

except to the extent that the defendant may review the discovery in the presence

of defense counsel or its agents; (4) shall be kept in the possession and control of

defense counsel or its agents at all times; and (5) shall be returned to the United

States Attorney's Office, including all copies, within ten days of the completion

of the case before the Court or, if an appeal is taken, within ten days of the

completion of the case in the United States Court of Appeals for the Seventh

Circuit or Supreme Court of the United States. This order shall apply to all

materials in any form, including paper and electronic form, as well as any paper copies created by defense counsel from electronic form. This order does not apply to discovery disclosed pursuant to Rule 16(a)(1) of the Federal Rule of Criminal Procedure.

Additionally, as previously ordered, the defendant is barred from disclosing the identity of any government witnesses in this case to third parties. This prohibition includes, but is not limited to, the disclosure of the name, image, and description of likeness of those witnesses to any third parties.

IT IS FURTHER ORDERED that any violation of this order may result in contempt proceedings before this Court.

ENTERED this ___20th___ day of March, 2026.

_____
Colleen R. Lawless
United States District Judge